UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JESSIE MURRAY individually and on behalf of CHAMPION MURRAY | CIVIL ACTION 05-1964 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| ADRIAN OLIVER, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**Ruling on Motion to Remand**

Before the court is plaintiff's motion to remand, **Doc. #10**, referred to me by the district judge for decision.

This is a suit in which plaintiff claims injuries due to defendant's fault in rear-ending the vehicle in which he and his minor son were occupants. Suit was filed in state court in Avoyelles Parish and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that this court has jurisdiction "in that plaintiff's petition, paragraph 6, indicate (sic) that damages will exceed the federal jurisdictional amount exclusive of interest and cost (sic)...".[1]

Plaintiff moves to remand asserting that defendants have failed in their burden to prove jurisdiction. Further, plaintiff offers evidence in the form of medical records and affidavits, which he argues shows the jurisdictional limits of this court are not met. He also asserts that, as

---

[1] This language, complete with grammatical errors, has appeared in at least one other suit in this court.

shown by his affidavit, the damages sought by plaintiff individually and on behalf of his minor son do not exceed $75,000.

Defendant argues that the petition makes clear that plaintiff is seeking more than $75,000 because the medical evidence shows that plaintiff needs carpal tunnel surgery and that, in any event, plaintiff may not change his demand after removal of the case.

<u>Analysis</u>

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by

2

setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. The petition asserts that plaintiff and his minor child were injured in the accident. Specifically, plaintiff asserts entitlement to:

"1. Past, present and future pain and suffering;

3

  2. Past, present and future mental anguish and stress;

  3. Past, present and future medical bills;

  4. Past, present and future inconvenience and humiliation;

  5. Past, present and future disabilities;

  6. Loss of enjoyment of life and diminished capacity for enjoyment of life; and,

  7. Other damages which will be shown at the trial of this matter."

It is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Compare <u>Luckett</u> supra, and <u>Gebbia</u>, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. Defendant argues that the fact that the medical records reflect the need for carpal tunnel surgery is enough to establish federal jurisdiction; defendant refers the court to state court cases in which awards for such surgery exceed the jurisdictional limits of this court. Plaintiff, on the other hand points to the affidavits of his client as showing the damages are minor. Plaintiff attests that his minor son was treated by a physician only once with a negative physical examination. He also attests that his own injuries "were the same injuries with the exception of soft tissue injuries (that resolved within a short period of time) that were received in a December 17, 2004, motor vehicle accident." He also "concedes his damages do not exceed $75,000."

 Plaintiff's attempted stipulation that his damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective. <u>De Aguilar II</u>, supra. Post removal events (such as a stipulation) may not deprive the court of jurisdiction, <u>St. Paul Mercury</u>,

4

supra.[2]

Defendants produced no medical or other evidence in support of their petition for removal. The only medical records produced were produced by plaintiff and consist of the records of Dr. McCann and Drs. Hodges and Blanda, both orthopaedists. Plaintiff's attorney states in brief that plaintiff was treated by Dr. Hodges in Lafayette after the first and the instant accidents. He states in brief that "at least the symptoms for carpal tunnel were present prior to the second motor vehicle accident." Counsel states that the submitted medical "records indicate that there has been a recommendation for carpal tunnel surgery by Dr. Hodges."

The medical records of Drs. Blanda and Hodges show that plaintiff was treated by them in 1993 and 1995 as a result of automobile accidents. In 1995 plaintiff complained of low back, neck and right hand pain and underwent surgery on the right ulnar ligament.

In January 2005, after the December 2004 accident and before the instant accident, plaintiff presented to the clinic with complaints of "head, neck and bilateral hands". He was diagnosed with "neck pain" and "trigger thumb" on the right. MRI was scheduled for February 4, 2005 and EMG/NCV for February 1, 2005.

On February 22, 2005, after the instant accident on February 4, 2005, Dr. Blanda recommended carpal tunnel release based on the EMG/NCV studies done on February 1, 2005, three days before the instant accident.

On February 24, 2005, plaintiff presented to the same clinic with complaints of "right

---

[2] Although <u>Gebbia</u> mentions the possibility that, where the amount in dispute is not facially apparent from the petition a stipulation may be considered, De Aguilar II expressly counsels that a post removal stipulation is effective only if filed with the petition. See also, discussion in <u>Marcel</u>, supra.

side head, knee and hip". He was diagnosed with strains. No complaints were made then with regard to the hands.

On March 22, 2005, plaintiff told the doctor that the instant accident had aggravated the hand symptoms. Plaintiff was last seen in December of 2005 and the carpal tunnel surgery had not been done.

Defendants had no evidence whatsoever upon which to base removal of this case. Further, defendants have not produced any evidence in support of removal. On the other hand, plaintiff has clarified the amount in dispute by producing medical evidence showing that his carpal tunnel syndrome diagnosis was caused by the prior accident and only aggravated (at most) by the instant accident.

As defendants have failed in their burden to show by a preponderance of the evidence that the amount in dispute meets the jurisdictional requisites of this court, the motion to remand should be granted.

For these reasons, plaintiff's Motion to Remand, is GRANTED.

However, this Order of Remand is STAYED for a period of fifteen (15) days during which time this court will retain jurisdiction so that the parties, should they wish to do so, may appeal this order to the district judge and it is further STAYED for such period of time as such appeal is pending or until further order of the district judge.

Alexandria, Louisiana, January 25, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE